Andrew Gerber
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Finbarr Notte*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FINBARR NOTTE, | Case No. 22-CV-6394 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DMCA** |
| v. | |
| NEW SUSHI, LLC and THE MURAL & WALL PRINTING COMPANY LLC, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Finbarr Notte ("Plaintiff"), by and through his undersigned attorneys, for his complaint against defendants New Sushi, LLC ("New Sushi") and The Mural & Wall Printing Company LLC ("The Mural & Wall Printing Company") (collectively, "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff Finbarr Notte is an individual residing in London, England. Mr. Notte is the sole owner of the copyright in the painting at issue and has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

2. Defendant New Sushi, LLC is a New Jersey limited liability company with its principal place of business at 235 Route 46 West, Totowa, NJ 07512. New Sushi does business as Sushi Lounge Totowa and operates the website <https://www.ilovesushilounge.com>.

1

3.     Defendant The Mural & Wall Printing Company LLC is a New Jersey limited liability company with its principal place of business at 190 River Rd, Edgewater, NJ 07020.

## JURISDICTION AND VENUE

4.     This is an action for copyright infringement under the federal Copyright Act, 17 U.S.C., § 101 et seq. and display of false copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq.

5.     The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.     Defendants are each located in this District and do systematic business in this District with consumers located in this District.   This Court has personal jurisdiction over Defendants in that Defendants are based in this District, regularly do business in this District, derive substantial revenue from goods used or services rendered in this District, and expect or reasonably should expect their infringing conduct to have consequences in this District.

7.     In the alternative, the Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because Defendants are located in this District, do regular business here, are subject to personal jurisdiction here, and the alleged unlawful conduct occurred in this District.

## FACTUAL BACKGROUND

**I.     Plaintiff's Original Work**

9.     Known professionally as Fin DAC, Mr. Notte's work is instantly recognizable due to his signature female subjects in colorful eye masks.   Self-taught and well-known for his

nonconformist approach, Mr. Notte has been commissioned to paint murals around the world, has an established studio practice, and regularly exhibits in galleries.

10. One of Mr. Notte's original artworks, *Akiko* (the "Original Work") is shown below. Mr. Notte owns the copyright in the Original Work.



## II. Defendants' Willful Unlawful Conduct

11. The Mural & Wall Printing Company is a digital printer that promotes its services via its website at digitalmuralprinter.com. They specifically advertise the ability to print any mural directly on walls and have a separate promotional section targeting restaurants.

12. Upon information and belief, The Mural & Wall Printing Company was hired by New Sushi to create an unauthorized reproduction of the Original Work (the "Infringing Work") on the wall of New Sushi's restaurant, Sushi Lounge Totowa.

13. The Mural & Wall Printing Company printed the Infringing Work on the wall of Sushi Lounge Totowa and included a watermark of the logo for Sushi Lounge Totowa on the image.

14. Defendants affixed false copyright information to the Original Work by adding the Sushi Lounge Totowa logo watermark thereto. Defendants did so knowing that they did not own the copyright in the Original Work.

15. After the Infringing Work was installed for New Sushi by The Mural & Wall Printing Company, New Sushi used the Infringing Work in social media advertisements to promote Sushi Lounge Totowa. A screenshot showing one such advertisements is shown below.





16. The Mural & Wall Printing Company also used the Infringing Work in its own social media advertising, as shown below.



17. In July 2022, counsel for Plaintiff sent a cease and desist letter to both Defendants, notifying them of the infringement and demanding that the Infringing Work be immediately removed. Defendants received this letter, were fully aware of their unlawful conduct, but did not remove the Infringing Work.

6

18. In an attempt to avoid litigation, counsel for Plaintiff followed up with Defendants no less than four separate times via email in August and September 2022.

19. Not only did Defendants thereafter continue to refuse to remove the Infringing Work, New Sushi continued posting social media advertisements using the Infringing Work, as shown below.







20. The Infringing Work remains on display as of the date of filing of this Complaint.

21. Defendants' infringement of the Original Work has been willful. Defendants never attempted to contact Mr. Notte to inquire about properly licensing Mr. Notte's original work. Instead, Defendants simply raided Mr. Notte's intellectual property to create the Infringing Work.

22. Even after receiving repeated notices, New Sushi continued displaying the Infringing Work with its own false copyright management information in the form of the Sushi Lounge Totowa logo watermark. Indeed, even after being put on notice of its unlawful conduct, New Sushi expanded its unlawful use of the Infringing Work. This is willful copyright infringement and knowing usage and distribution of false copyright management information.

23. Despite his multiple attempts to avoid having to do so, Mr. Notte has been forced to file this action in order to protect his rights and livelihood. He earns a living on licensing fees charged to parties who wish to use his highly sought-after works in this manner. Defendants' unlawful conduct deprives Mr. Notte of such critical revenue.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.**

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 23 above and incorporates them herein by reference.

25. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and owns the exclusive rights and privileges in and to the copyright in the Original Work.

26. Defendants had access to Plaintiff's Original Work, including, without limitation, through viewing the Original Work on Plaintiff's website or social media pages or elsewhere on the internet. The Infringing Work is a near-identical copy of the Original Work.

27. Defendants copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Work without the consent, permission, or authority of Plaintiff.

28. Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

29. Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

30. Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

31. Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from displaying any infringing copies of Plaintiff's copyrighted Original Work.

32. Defendants are jointly and severally liable for such willful infringement.

## SECOND CLAIM FOR RELIEF
## FALSE COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(a)

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above and incorporates them herein by reference.

34. Upon information and belief, Defendants intentionally and knowingly provided false copyright management information in connection with the Infringing Work. Specifically, Defendants affixed New Sushi's Sushi Lounge Totowa logo watermark to the Original Work.

35. Upon information and belief, Defendants intentionally and knowingly displayed false copyright management information in connection with the Infringing Work.

36. Upon information and belief, Defendants knew that the copyright management information it conveyed in connection with the Infringing Work was false because Defendants knew that Plaintiff, and not Defendants, was the true author and copyright owner of the Original Work.

37. Upon information and belief, Defendants knowingly provided such false copyright management information and displayed such false copyright management information in

connection with the Infringing Work with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

38. Defendants engaged in these activities without the consent or authorization of Plaintiff.

39. Defendants were repeatedly notified of such unlawful conduct and continued to display the false copyright management information and distribute copies thereof after being on notice of same.

40. Plaintiff has been injured as a result of Defendants' multiple violations of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, damages, costs, and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

41. Defendants are jointly and severally liable for such violations.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendants from copying, reproducing, distribution, adapting, and/or publicly displaying the Original Work or any elements thereof;

2. For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

3. For an award of all of Defendants' disgorged profits attributable to Defendants' copyright infringement;

4. Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(a) and an award of Plaintiff's costs and attorney's fees under 17 U.S.C. § 1203;

5. For interest, including prejudgment interest, on the foregoing sums; and

6.	For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:	November 1, 2022

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber
andrew@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Finbarr Notte*