NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINBARR NOTTE,<br><br>                                  Plaintiff,<br>v.<br><br>NEW SUSHI, LLC and THE MURAL & WALL PRINTING COMPANY, LLC,<br><br>                                  Defendants. | Case No. 22cv6394 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Plaintiff Finbarr Notte's ("Notte") unopposed motion for default judgment against Defendant New Sushi, LLC d/b/a Sushi Lounge ("New Sushi") pursuant to Fed. R. Civ. P. 55(b). *See* D.E.s 17-18. The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, Plaintiff's motion will be **GRANTED** as to New Sushi's liability.

I. BACKGROUND[1]

Notte[2] is a London-based painter known for his paintings of female subjects in colorful eye masks. D.E. 1 "Compl." ¶¶ 1, 9. New Sushi is a New Jersey limited liability company with its principal place of business in New Jersey, and operates as a sushi restaurant in Totowa, New Jersey. *Id.* ¶ 2. Defendant The Mural & Wall Printing Company, LLC ("Mural & Wall") is a New Jersey limited liability company with its principal place of business in New Jersey, and operates as a digital printer. *Id.* ¶¶ 3, 11.

---

[1] The facts in this section are taken from the well-pled allegations in the Complaint, which the Court presumes to be true for purposes of resolving the instant motion for default judgment.
[2] Known professionally as Fin DAC. Compl. ¶ 9.

At issue here is one of Notte's original artworks, *Akiko* ("Original Work"), to which Notte owns the copyright. *See id.* ¶ 10. New Sushi hired Mural & Wall to print an unauthorized reproduction of the Original Work ("Infringing Work") on a wall of New Sushi's restaurant. *Id.* ¶ 12. The Infringing Work bore a watermark of New Sushi's logo. *Id.* ¶¶ 13-14. New Sushi also used the Infringing Work in social media advertisements to promote New Sushi. *Id.* ¶ 15. Mural & Wall similarly used the Infringing Work in its own social media advertisements to promote its printing business. *Id.* ¶ 16.

In July 2022, Notte sent New Sushi and Mural & Wall a cease-and-desist letter, notifying them that they were infringing on Notte's copyright to the Original Work, and demanding that the Infringing Work be removed. *Id.* ¶ 17. The Infringing Work was not removed; instead, New Sushi continued to include the Infringing Work in social media advertisements. *Id.* ¶ 19.

Notte then filed his Complaint, alleging copyright infringement under the Copyright Act, 17 U.S.C. § 501, *et seq.*, and providing false copyright management information under the relevant provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a). On November 17, 2022 and December 13, 2022, New Sushi and Mural & Wall, respectively, were served with the Summons and the Complaint. D.E.s 4 & 8. On December 22, 2022, Mural & Wall answered and filed a crossclaim against New Sushi. D.E. 13. New Sushi did not answer. Following an entry of default by the Clerk of Court, Notte now moves for default judgment against New Sushi. D.E.s 17 & 18. New Sushi did not file an opposition. The Court now decides this motion.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 55(b) permits the entry of default judgment against a "properly served defendant who fails to plead or otherwise defend an action." *La. Counseling and Family Servs. v.*

*Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citation omitted).  District courts ultimately have "the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  In reviewing a motion for default judgment, courts accept as true a complaint's well-pled factual allegations for purposes of determining liability; however, the plaintiff must still prove damages.  *Comdyne 1, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Before entering default judgment, the reviewing court must determine whether: (1) jurisdiction over both the subject matter and the parties is proper; (2) the defaulting defendant has been properly served; (3) the complaint's unchallenged well-pled factual allegations sufficiently plead a cause of action; and (4) the plaintiff has proved damages.  *Malibu Media, LLC v. Ramiscal*, 2016 U.S. Dist. LEXIS 20772, at *7 (D.N.J. Feb. 19, 2016) (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC*, 2011 U.S. Dist. LEXIS 66646, at *3 (D.N.J. June 20, 2011)).

Additionally, before entering default judgment, the reviewing court must consider three controlling factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III.    DISCUSSION

#### A. Jurisdiction and Service

The Court has jurisdiction over both the subject matter and New Sushi.  Notte asserts federal claims for copyright infringement and providing false copyright management information

3

pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*, and the relevant provision of the DMCA, 17 U.S.C. § 1202(a), respectively. *See* Compl. ¶¶ 24-41.  Accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  *See, e.g.*, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[Pursuant to 28 U.S.C. § 1331, D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

New Sushi is a resident of New Jersey because it is a New Jersey limited liability company with its principal place of business in New Jersey.  Compl. ¶ 2; *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.").  Therefore, the Court has personal jurisdiction over New Sushi.  *See Hannah v. Johnson & Johnson, Inc.*, 2020 U.S. Dist. LEXIS 113284, at *86-87 (D.N.J. June 29, 2020) (citations omitted) ("[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal lace of business and state of incorporation.").

On November 17, 2022, New Sushi's manager, Denise Giordano, was personally served with copies of the Summons and Complaint at New Sushi's location in Totowa. D.E. 4.  "An unincorporated association, such as a limited liability company, must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'"  *Cerrato v. Seaboard Corp. Servs., LLC*, 2020 U.S. Dist. LEXIS 89009, at *1-2 (D.N.J. May 20, 2020 (quoting Fed. R. Civ. P. 4(h)(1)(B)).  Thus, the Court is satisfied that New Sushi was properly served.

B.  **Sufficiency of the Pleading**

The Court turns to whether the Complaint pleads facts which, when taken as true, sufficiently establish New Sushi's liability for copyright infringement and false copyright management information.  *See Comdyne 1*, 908 F.2d at 1149 ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

First, Notte seeks default judgment against New Sushi for copyright infringement as prohibited under the Copyright Act, 17 U.S.C. § 501, *et seq*.  To succeed on a copyright infringement claim, a plaintiff must establish: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).  "Copying refers to the act of infringing any of the exclusive rights…as set forth at 17 U.S.C. § 106, 'including the rights to distribute and reproduce copyrighted material.'" *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991)).

The well-pled factual allegations in Notte's Complaint favor entering default judgment against New Sushi for copyright infringement.  Specifically, Notte alleges that New Sushi copied the Original Work—to which Notte owns the copyright—and printed the Infringing Work on a wall at New Sushi's restaurant without Notte's consent.  Compl. ¶¶ 10, 12, 26-27.  Notte adds that New Sushi also posted photographs of the Infringing Work in its social media advertisements.  *Id.* ¶¶ 15, 19.  Based on these well-pled factual allegations, Notte has established New Sushi's liability for copyright infringement.  *See Kennedy v. Creditgo, LLC*, 2015 U.S. Dist. LEXIS 161461, at *4-

5 (D.N.J. Dec. 2, 2015) (entering default judgment against defendant for copyright infringement where defendant used plaintiff's registered image on its website without plaintiff's authorization).

Second, Notte seeks default judgment against New Sushi for providing false copyright management information as prohibited under the DMCA, 17 U.S.C. § 1202(a).  In relevant part, the DMCA provides that "'[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement'" provide or distribute copyright management information that is "'false.'" *Vcom Int'l Mult-Media Corp. v. Gluck*, 2017 U.S. Dist. LEXIS 44425, at *18 (D.N.J. Mar. 27, 2017) (quoting 17 U.S.C. § 1202(a)).  Watermarks constitute "copyright management information" within the meaning of the DMCA.  *See, e.g.*, *Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131, 138-39 (E.D.N.Y. 2019).

The well-pled factual allegations in Notte's Complaint favor entering default judgment against New Sushi for providing false copyright management information.  Specifically, Notte alleges that New Sushi affixed a watermark of New Sushi's logo to the Original Work, despite knowing that the watermark was false because Plaintiff was the copyright owner of the Original Work.  Compl. ¶¶ 14, 36.  As a result, Notte alleges, New Sushi displayed the Infringing Work, containing the false copyright management information, with the intent to induce, enable, facilitate, or conceal its infringement of the Original Work.  *Id.* ¶ 37.  Based on the well-pled factual allegations, Notte has established New Sushi's liability for providing false copyright management information.  *See Michael Grecco Prods. v. GlowImages, Inc.*, 2020 U.S. Dist. LEXIS 59905, at *5-6 (D. Del. Apr. 6, 2020) (entering default judgment against defendant who "provided false copyright management information, in the form of a watermark[s], with the intent to facilitate or conceal its infringement of [p]laintiff's exclusive copyright by inducing end users

to believe [d]efendant owned or control[led] the copyright in the infringed copyrighted works rather than [p]laintiff").

### C. Controlling Three-Factor Analysis

The three controlling factors also weigh in favor of entering default judgment against New Sushi. Under the first factor, Notte would be prejudiced if default judgment were denied because Notte has no other remedy against New Sushi. *See Kennedy*, 2015 U.S. Dist. LEXIS 161461, at *6 (finding plaintiff, copyright owner, would be prejudiced if default judgment were not entered against infringing defendant). This is highlighted by Notte's attempts to encourage New Sushi to voluntarily remove the Infringing Work before initiating this action. *See* Compl. ¶¶ 17-18. Under the second and third factors, New Sushi's failure to respond is indicative of its lack of a meritorious defense and constitutes culpable conduct. *See Kennedy*, 2015 U.S. Dist. LEXIS 161461, at *6 (finding infringing defendant's lack of response indicates no meritorious defenses and establishes culpable conduct); *York Int'l Corp. v. York HVAC Sys. Corp.*, 2010 U.S. Dist. LEXIS 36709, at *9 (D.N.J. Apr. 14, 2010) (same). Moreover, no available defenses are apparent from the face of the Complaint. Accordingly, the Court will enter default judgment against New Sushi as to liability.

### D. Damages

Finally, the Court will reserve its determination as to damages owed by New Sushi. Despite New Sushi's default, the Court need not accept as true the allegations in the Complaint related to the amount of damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne 1, Inc.*, 908 F.2d at 1149). And, instead of proving damages, Notte requests that the Court hold a damages hearing, pursuant to Fed. R. Civ. P. 55(b)(2), to determine the amount of damages. Therefore, the Court does not have sufficient information to make a cogent decision as to damages at this stage. *See Rose Containerline, Inc. v. Omega Shipping Co.*, 2011

7

U.S. Dist. LEXIS 44272, at *9 (D.N.J. Apr. 25, 2011) (granting plaintiff's motion for default judgment but reserving its decision on the determination of damages sum certain because the documentation in front of the court was "insufficient and confusing").

While the Court acknowledges Notte's request for a damages hearing, the Court finds that it would be improper to hold a damages hearing as to New Sushi at this stage. Specifically, New Sushi is the only defaulting defendant in this action, although it is not the only defendant. *See* D.E. 13 (Mural & Wall's Answer and Counterclaim). As a result, determining damages as to a defaulting defendant, New Sushi, where there is also a non-defaulting defendant, Mural & Wall, could lead to "'different damages awards against defendants who are jointly liable.'"[3] *Eng'rs v. Polaris Eng'G*, 2011 U.S. Dist. LEXIS 171429, at *3 n.3 (E.D. Pa. June 10, 2011) (quoting 10 Moore's Federal Practice § 55.36[4] (3d ed. 2011)). Accordingly, the Court will reserve its determination as to damages owed by New Sushi until the conclusion of Notte's pending claims against Mural & Wall in this action. *See id.* at *3 (reserving damages hearing until the conclusion of litigation where not all defendants defaulted); *Doe v. Simone*, 2013 U.S. Dist. LEXIS 99535, at *18 (D.N.J. July 1, 2013) (granting default judgment against defaulting defendant as to liability, but reserving decision on the determination of damages).

---

[3] "Although the Copyright Act does not expressly provide for joint and several liability, defendants may be held jointly and severally liable for copyright infringement where one defendant knowingly 'induces, causes or materially contributes to the infringing activity of another….'" *Eng'rs v. Polaris Eng'G*, 2011 U.S. Dist. LEXIS 171429, at *3 n.3 (E.D. Pa. June 10, 2011) (quoting *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir. 1984)).

8

## IV.  CONCLUSION

For the foregoing reasons, Notte's motion for default judgment against New Sushi will be **GRANTED** as to liability.  An appropriate Order accompanies this Opinion.

Dated: July 5, 2023

                                                           Evelyn Padin, U.S.D.J.