<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINBAR NOTTE,<br><br>    Plaintiff,<br><br>v.<br><br>NEW SUSHI LLC, *et al.*,<br><br>    Defendants. | No. 22cv6394 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

Defendant New Sushi LLC d/b/a Sushi Lounge ("New Sushi") moves to vacate default judgment pursuant to Federal Rule of Civil Procedure 60(b). D.E. 34-1 ("Motion" or "Mot."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **DENY** New Sushi's Motion.

**I.     BACKGROUND**

    **A.     Factual Background**

The factual background of the dispute is set forth in detail in the Court's prior opinion, D.E. 23, and the Court therefore assumes familiarity with the background of this case. Briefly, Notte owns the copyright to his original artwork, *Akiko*. D.E. 1 ("Complaint" or "Compl.") ¶ 1. Notte alleges that New Sushi placed a reproduction of the original work on the wall of its restaurant. *Id.* ¶ 12. Notte also alleges that the infringing work bore a watermark of New Sushi's logo and that New Sushi used the infringing work in social media advertisements to promote New Sushi. *Id.* ¶ 15. In July 2022, Notte sent New Sushi a cease-and-desist letter insisting that the infringing work be removed from the wall and from social media. *Id.* ¶ 17. Notte alleges that New

Sushi did not remove the offending artwork and continued to use it in social media advertisements. *Id.* ¶ 19.

Notte subsequently filed his Complaint, alleging copyright infringement under the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 101, *et seq.*, and providing false copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.*

### B. Procedural Background

The Complaint was filed on November 1, 2022. Compl. Notte served New Sushi with the Summons and Complaint on November 15, 2022. D.E. 4. After New Sushi did not file a timely response, on December 9, 2022, Notte requested that the Clerk of the Court enter default against New Sushi pursuant to Federal Rule of Civil Procedure 55(a), D.E. 6, which was subsequently entered on December 12, 2022. On January 7, 2023, Notte moved for default judgment against New Sushi pursuant to Federal Rule of Civil Procedure 55(b). D.E. 17. The Court granted Notte's default judgment motion on July 6, 2023, D.E. 24, and entered judgment on February 20, 2024. D.E. 33. On July 17, 2024, New Sushi appeared and filed its Motion to vacate default judgment. Mot. Notte opposes. D.E. 35 ("Opp'n"). New Sushi does not reply.

## II. ANALYSIS

A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) and a default judgment pursuant to Fed. R. Civ. P. 60(b) is left primarily to the discretion of the Court. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Courts generally disfavor default, preferring decisions on the merits. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

"Rule 60(b)(1) permits a district court to grant relief from a final judgment based upon excusable neglect." *Perry v. Commonwealth*, 328 Fed. App'x 785, 787 (3d Cir. 2009). In determining whether to vacate default under Rule 60(b)(1), the Court must consider three factors: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced; and (3) whether the default was the result of the defendant's culpable conduct. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. In close cases, "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). The Court finds that New Sushi's failure to timely appear and respond to this litigation is not excusable.

A.   **New Sushi Has Not Shown a Meritorious Defense**

The Court must first consider the "threshold question" of whether New Sushi has a meritorious or litigable defense. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. The Court finds that New Sushi has not shown the existence of a meritorious defense.

To satisfy this threshold factor, the defaulting party need not show that "they will prevail at trial; rather, all they must show is that, on its face, their defense is litigable." *Beauty Plus Trading Co. v. Bee Sales Co.*, No. 15-8502, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017). However, the defaulting party does "not 'have the right to have a default judgment set aside automatically upon alleging a defense.'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Harad v. Aetna Cas. and Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). Rather, the defaulting party must "'set forth with some specificity the grounds for his defense.'" *Id.* (quoting *Harad*, 839 F.2d at 982). It is the substance of the defense that determines its merit. *See id.* Therefore, the defense must be more than "conclusory statements" or "mere denials." *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

Notte alleges that New Sushi engaged in copyright infringement under the Copyright Act by reproducing Notte's original work and using it on both the wall of the restaurant and in social media advertisements. *See* Compl. ¶¶ 13, 15. New Sushi asserts that the managing member of New Sushi, Joseph McCafferty, believed at all times that the use of the subject artwork was legally obtained. *See* Mot. at 5; D.E. 34-2 ("McCafferty Cert.") ¶ 6.

New Sushi's proposed defense is no more than conclusory statements devoid of any factual support. There is no evidence supporting McCafferty's conclusory statement that he believed the right to use the offending artwork had been legally obtained, such as a license agreement, written permission, or communications between New Sushi and Notte. Simply alleging that permission was obtained without any showing of evidence will not create a meritorious or litigable defense. *See Entral Grp. Int'l, LLC v. Melody of Flushing Corp.*, No. 05-1917, 2007 WL 74317, at *2 (E.D.N.Y. Jan. 8, 2007) (denying motion to vacate default based on defendant's unsupported claims regarding chain of title and denial of infringement). Further, McCafferty's subjective belief that the right to use the artwork was legally obtained would still fail as a defense since innocent intent is generally not a defense to copyright infringement. *See Williams Elecs., Inc. v. Artic Int'l, Inc.*, 685 F.2d 870, 878 (3d Cir. 1982). Therefore, New Sushi has failed to meet its threshold burden of showing a meritorious defense.

**B.     Any Prejudice to Notte is Slight**

The Court must also consider whether vacating the default judgment would prejudice Notte. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. Notte argues that it would be prejudiced because of the amount of time and resources already spent litigating this claim. Opp'n at 7. The Court finds that Notte's prejudice is minimal here. However, as discussed herein, the other two

4

factors weigh heavily in favor of not vacating default and therefore this factor is not outcome-determinative.

Although the amount of time and resources expended to relitigate previously decided claims does weigh on the prejudice analysis, *see Chase Bank, N.A. v. Pandolfelli,* No. 09-18941, 2011 WL 2708831, at *13-14 (Bankr. D.N.J. July 11, 2011), something more than mere delay is generally required to decline vacating a default judgment; otherwise "virtually all late filings would be condemned by this factor." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 126 (3d Cir. 1999).

A plaintiff is prejudiced when vacating the judgment would "result[] in loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-657 (3d Cir. 1982). Thus, courts consider whether relevant evidence has been lost or if the plaintiff's ability to pursue their claim has been affected by the passage of time. *See Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987) (holding that a delay that would not result in loss of evidence or witnesses was not sufficient to prejudice the plaintiff). While the Court is mindful of a plaintiff's desire to move a case along, "delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default." *Toy v. Hayman*, No. 07-3076, 2008 WL 5046723, at *9 (D.N.J. Nov. 20, 2008) (citing *Feliciano*, 691 F.2d at 657).

Here, Notte does not point to any reason to believe that granting New Sushi's motion to vacate would prohibit him from presenting a meritorious claim. Accordingly, the Court finds minimal prejudice to Notte were this case to be reopened and thus weighs this factor in slight favor of New Sushi.

### C. New Sushi's Conduct is Culpable

Notte argues that New Sushi's conduct in failing to timely appear and respond to this litigation constitutes culpable conduct. Opp'n at 6-7. The Court agrees.

Culpable conduct includes conduct that constitutes "willfulness" or "bad faith." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Willfulness must mean more than mere negligence "but can be satisfied with less than knowing disregard." *Mrs. Ressler's Food Prods. v. KZY Logistics*, 675 F. App'x 136, 142 (3d Cir. 2017). Accordingly, "reckless disregard for repeated communications from plaintiffs and the court" may satisfy the culpable conduct standard. *Hritz*, 732 F.2d at 1182.

New Sushi argues that its managing member, Joseph McCafferty, was not personally served with the Complaint and had no knowledge of the claims against his business until he noticed a large amount of money missing from his bank account on July 11, 2024, almost two years after the Complaint was filed. *See* Mot. at 5; McCafferty Cert. ¶¶ 5-6. However, New Sushi was properly served at its registered business address in Totowa, New Jersey, through delivery of the Summons and Complaint to the store manager, Denise Giordano. *See* D.E. 23; Opp'n at 2.

"An unincorporated association, such as a limited liability company, must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Cerrato v. Seaboard Corp. Servs., LLC*, No. 19-9448, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020) (quoting Fed. R. Civ. P. 4(h)(1)(B)). McCafferty is not the named defendant in this action; New Sushi is, and New Sushi was properly served. Under these circumstances, it is "reasonable and fair" to assume that the store manager "had authority to receive service" and that she would notify

6

senior management that an action had been initiated against New Sushi. *Rawle & Henderson v. Royale Grp. Ltd.*, No. 85-4187, 1986 WL 3952, at *2 (E.D. Pa. Mar. 31, 1986).

New Sushi had reason to know litigation was imminent since the Summer of 2021 when Notte emailed a demand letter to McCafferty on July 21, July 22, August 11, August 29, September 23, and September 27, 2021. D.E. 35-1 ("Gerber Decl.") ¶ 4. Further, New Sushi was served with motion papers via mail on December 13, 2022, and again on November 1, 2023, at its registered business address. *See* Opp'n. at 2-3; Gerber Decl. ¶¶ 7, 9. Yet New Sushi does not explain why it would not have received these papers.

This Court finds it highly unlikely that New Sushi had no knowledge of this suit until July 2024, three full years after Notte began trying to contact them in an effort to resolve this matter. At no time during this proceeding did New Sushi answer, appear, plead, or contact either the Court or Notte. New Sushi's conduct evidences, at best, a reckless disregard for communications from Notte and the Court, and at worst, a willful decision to not respond. These circumstances establish New Sushi's culpability.

### III.   CONCLUSION

For the forgoing reasons, the Court will **DENY** New Sushi's Motion to vacate default. An appropriate Order follows.

Dated: January 16, 2025

_____
Evelyn Padin, U.S.D.J.